T.C. Memo. 2000-230

UNITED STATES TAX COURT

JAMES M. NITSCHKE AND PATRICIA S. NITSCHKE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7586-99.                    Filed August 1, 2000.

James M. and Patricia S. Nitschke, pro sese.

<u>Marty J. Dama</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax in the amount of
$1,508 for the taxable year 1995.  Unless otherwise indicated,
section references are to the Internal Revenue Code in effect for
the year in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

The issue for decision is whether petitioners are entitled to deduct certain business expenses in excess of those allowed by respondent.  Some of the facts have been stipulated and are so found.  The stipulations of fact and the attached exhibits are incorporated herein by this reference.  Petitioners resided in Fort Worth, Texas, on the date the petition was filed in this case.

Petitioners received wage and business income from several sources during 1995.  Petitioner wife (Ms. Nitschke) worked as a legal secretary for the law office of Haynes and Boone L.L.P., earning wages in the amount of $18,969.  She also earned wages from Shannon Gracey Ratliff and Miller DTD in the amount of $270.  Petitioner husband (Mr. Nitschke) worked for Duro-Test Corporation, earning taxable wages in the amount of $32,933.84.  In addition, petitioners conducted three business activities for which they filed Schedules C with their 1995 joint Federal income tax return.  The first was petitioners' Melaleuca sales and marketing business with a claimed loss of $13,342.  The second was Mr. Nitschke's business as a musician with a claimed loss of $3,994.  The third was Ms. Nitschke's business as a freelance legal secretary with a reported profit of $4,741.

In the statutory notice of deficiency mailed January 21, 1999, respondent made the following adjustments to the respective deductions claimed by petitioners:

|                          | Claimed  | Adjustment   | Allowed |
|--------------------------|----------|--------------|---------|
| Melaleuca Business       |          |              |         |
| Office expenses          | $3,232   | ($3,232)     | $0      |
| Supplies                 | 885      | 585          | 1,470   |
| Meals/Entertainment      | 1,638    | (1,151)      | 487     |
| Travel expenses          | 2,835    | (1,681)      | 1,154   |
| Other expenses           | 7,424    | (2,794)      | 4,630   |
| Musician Business        |          |              |         |
| Advertising              | 257      | 4            | 261     |
| Car/Truck expenses       | 2,132    | (1,548)      | 584     |
| Itemized Deductions      |          |              |         |
| Miscellaneous            | 8,915    | (197)[1]     | 8,718   |

The notice of deficiency stated that the various business expenses were disallowed because it had not been established that each amount "was for an ordinary and necessary business expense, or was expended for the purpose designated."

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Personal, living, and family expenses, however, generally are not allowed as deductions. See sec. 262.

A taxpayer is required to maintain records sufficient to establish the amount of his income and deductions. See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense, bearing

---

[1]This adjustment was computational and is not disputed by petitioners.

heavily against the taxpayer whose inexactitude in substantiating the amounts of the expenses is of his own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We may estimate deductible expenses only where the taxpayer presents evidence sufficient to provide some basis upon which estimates may be made. See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Section 274(d) supersedes this general rule allowing estimates, however, and provides that--unless the taxpayer substantiates certain elements--no deduction shall be allowed with respect to: (1) Traveling expenses under section 162, including meals and lodging while away from home; (2) any item with respect to an activity of a type considered to be entertainment, amusement, or recreation; or (3) the use of any listed property, as defined in section 280F(d)(4) to include passenger automobiles, computers and peripheral equipment, and cellular telephones. For an expense described in any of the above categories, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) The amount of the expenditure or use based on the appropriate measure; (2) the time and place of the expenditure or use; (3) the business purpose of the expenditure or use; and (4) in the case of entertainment, the business relationship to the taxpayer of each person entertained. See sec. 274(d); sec.

1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985).

Petitioners argue that sections 162 and 274(d) should not be applied in this case because respondent did not raise these issues during the audit of their return. Petitioners further assert that the "substantiation issue" was not raised by respondent until presented at trial. Subject to exceptions inapplicable to this case, this Court does not look behind the statutory notice of deficiency: A trial before this Court is a proceeding de novo, and our determination as to a taxpayer's tax liability is based upon the merits of the case. See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-328 (1974). Furthermore, the notice of deficiency in this case specifically stated that the various business expenses were disallowed because it had not been established that each amount "was for an ordinary and necessary business expense, or was expended for the purpose designated." This statement raises issues under both section 162(a)--whether the expenses were ordinary and necessary--and section 274(d)--whether the expenses were properly substantiated, i.e., whether petitioners established that the amounts were expended for the purpose designated.

Petitioners also argue that the burden of proof in this case should be shifted to respondent because petitioners presented credible evidence with respect to factual issues. Although

petitioners cite no authority with regard to this argument, we assume they are referring to the recently enacted section 7491. However, section 7491 only applies to court proceedings arising in connection with examinations commencing after July 22, 1998. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 727. There is nothing in the record which establishes that the examination in this case commenced after July 22, 1998. We therefore find that section 7491 does not operate to shift the burden of proof in this case. Accordingly, the burden of proof is upon petitioner to show respondent's determinations to be in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

The first deductions at issue in this case relate to the office expenses claimed in connection with petitioners' Melaleuca business. At trial, petitioners presented receipts and copies of checks totaling $400 for office expenses. Petitioners claimed $3,232 in office expenses on their return. The receipts were for a computer printer and a cellular phone; because these are listed property, see sec. 280F(d)(4)(iv), (v), these expenses are subject to the provisions of section 274(d). In order to substantiate the amount of expenses for listed property, a taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985).

Petitioners have failed to do this, and we therefore find that they have not adequately substantiated these expenses and are not entitled to these deductions. The copies of checks, in the total amount of $140, were for the purchase of an armoire used to store Melaleuca supplies and products. The copies of these checks which were entered into evidence are not clear, but nothing appears on them which indicates they were presented for payment. We nevertheless accept petitioners' testimony with regard to this expense, and therefore hold that they are entitled to an additional deduction in the amount of $140.

The next deductions at issue relate to the Melaleuca meals and entertainment expenses. Petitioners presented 67 copied pages of receipts and checks which contained sporadic notations, for the most part providing only partial details, such as "Mela mtg" or a person's name. This substantiation does not meet the requirements of section 274(d). Furthermore, we find the receipts are not credible evidence. For example, one receipt was copied twice, and the copies each had separate notations stating meetings had occurred with two different persons. The notations were nearly all made not on the receipt itself, but on the copy of the receipt. Ms. Nitschke indicated in her testimony concerning other receipts presented as evidence that the notations were probably made at the end of the year. Even accepting this testimony, and not concluding that petitioners

made the notations in anticipation of trial, we find it unlikely that petitioners could have accurately remembered the business purpose and persons with whom they dined for these numerous expenses--which included items such as fast food meals--for up to a year beyond the date of the expense. Petitioners also presented a summary of these meal and entertainment expenses, listing amount, business purpose, time, location, and business contact. The amount of expenses contained in the summary, $2,352.73, does not match the amount of expenses claimed on the return, $3,277. We do not accept this summary as substantiation for the same reasons we do not accept the underlying receipts as substantiation. We therefore uphold respondent's determinations with respect to these deductions.

The next deductions at issue relate to the Melaleuca travel expenses. Petitioners presented receipts with a cover sheet stating that travel expenses for 1995 totaled $4,467. Petitioners claimed $2,835 of travel expenses on their return. We find that this substantiation presented by petitioners also does not meet the strict substantiation requirements of section 274(d) because the amount, time, place, and business purpose of the expenses were not established. We therefore uphold respondent's determinations with respect to these deductions.

The next deductions at issue relate to the Melaleuca "other expenses." Petitioners presented 115 copied pages of receipts

and other documents with a cover sheet stating that these expenses totaled $10,247.  Petitioners claimed $7,424 of expenses on their return.  The amounts claimed on their return and the amounts petitioners asserted were substantiated at trial are as follow:

|                             | Claimed on Return | Argued at Trial |
|-----------------------------|-------------------|-----------------|
| Postage                     | $1,108            | $1,104          |
| Copies/faxes                | 850               | 655             |
| Training meeting            | 105               | 105             |
| Convention fees             | 210               | 220             |
| Convention merchandise      | 464               | 907             |
| Business reports            | 90                | 169             |
| Parking                     | 82                | 82              |
| Tolls/Food for home meetings| 662               | 736             |
| Bus charter to meeting      | 240               | 240             |
| Tapes/Magazines/Books       | 1,691             | 2,160           |
| Sales aides                 | 1,042             | 2,830           |
| Giveaways                   | 880               | 1,039           |
|                             | 7,424             | 10,247          |

We may estimate the amount of a deductible expense, but there must be sufficient evidence in the record to permit the Court to conclude that a deductible expense was incurred for the stated purpose and at least in the amount estimated.  See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957) (citing Cohan v. Commissioner, supra).  Many of the expenses in this category appear likely to have been personal in nature, and petitioners were unable to provide details regarding many of them.  Thus, petitioners have presented this Court with a number of receipts, but have failed to give the Court any reasonable method to determine which receipts were business, personal, or a

combination of both, and which of the business expenses were ordinary, necessary, and otherwise properly deductible under section 162. Furthermore, a portion of the receipts in this category are not credible evidence. For example, one receipt for food was marked as having been incurred for a meeting that occurred a day earlier, while another receipt for snack food was marked as having been incurred for a meeting 3 months later. Petitioner testified that these notations were made at the end of the year, well after the expenses were incurred. Because the evidence presented by petitioners is not fully credible, and because petitioners have failed to provide a sufficient basis to enable us to conclude that they are entitled to a deduction in excess of the $4,630 deduction allowed by respondent in the notice of deficiency, we uphold respondent's determinations with respect to these deductions.

The final deductions at issue in this case relate to the car and truck expenses incurred in connection with Mr. Nitschke's musician business. Petitioners presented evidence purporting to reflect 9,192 miles and, using $.30 per mile, $2,758 in expenses. Petitioners claimed $2,132 in car and truck expenses on their return. Because passenger automobiles and any other property used as a means of transportation are listed property, see sec. 280F(d)(4)(i), (ii), these expenses are subject to the provisions of section 274(d). Petitioners presented a purported mileage log

and summary to substantiate the mileage.  We find that this evidence is not credible.  Mr. Nitschke testified that he kept a daily log in his vehicle, and that he would then on a daily basis report the amount of mileage he incurred to his wife, who would record this information in another log (the log presented as evidence).  We do not believe that petitioners would use this method of recording mileage on a daily basis.  Furthermore, the mileage reflected in the log are often round numbers, and Mr. Nitschke testified that he thought the mileage amounts were "conservative numbers".  Both of these facts suggest that petitioners' purported log was in fact based upon estimates, and was not created in the alleged manner.  Because petitioners have not presented credible substantiation for the mileage expense, we uphold respondent's determinations with respect to these deductions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.